# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NITTANY OIL COMPANY t/d/b/a PICKELNER FUEL COMPANY, | Civil No. 4:13-CV-560 |
| Plaintiff, | |
| | (Judge Brann) |
| v. | |
| | (Magistrate Judge Carlson) |
| GOVERNMENT SERVICES CORP, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT GOVERNMENT SERVICES CORP TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT .................................................................. 1

II.   STATEMENT OF FACTS ...................................................................... 2

     A.   AFTER HURRICANE SANDY, DEFENDANT ORDERS FUEL
          PRODUCTS FROM PLAINTIFF TO BE DELIVERED IN NEW YORK.......... 2

     B.   PLAINTIFF CHARGES DEFENDANT NUMEROUS INFLATED AND
          EXCESS FEES ............................................................................... 3

III.  PROCEDURAL HISTORY........................................................................ 3

IV.   QUESTIONS INVOLVED......................................................................... 4

V.    ARGUMENT ......................................................................................... 4

     A.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE THE
          COURT DOES NOT HAVE PERSONAL JURISDICTION OVER
          DEFENDANT.................................................................................. 4

          1.   The Court Does Not Have Personal Jurisdiction Over Defendant ........... 4

     B.   VENUE IN ANY DISTRICT COURT IN PENNSYLVANIA IS
          IMPROPER.................................................................................... 7

     C.   ALTERNATIVELY, THE COURT SHOULD TRANSFER THE CASE
          TO  THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF
          NEW  YORK .................................................................................. 8

          1.   The Private Factors Weight in Favor Of A Transfer to New York ........... 9

          2.   The Public Factors Weight in Favor Of A Transfer to New York........... 10

          3.   The Eastern District Of New York Has Specific Personal
              Jurisdiction Over Plaintiff.......................................................... 10

VI.   CONCLUSION..................................................................................... 12

## TABLE OF AUTHORITIES

Page(s)

FEDERAL CASES

*Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.,*
    No. 06 Civ. 6510, 2010 WL 2813617 (S.D.N.Y. July 16, 2010) ....................................10, 11

*Bolus v. Fleetwood Motor Homes of IN, Inc.,*
    No. 3:11-2027, 2012 WL 3579609 (M.D. Pa. Aug. 17, 2012)................................................6, 7

*Cameli v. WNEP-16 The News Station,*
    134 F. Supp. 2d 403 (E.D. Pa. 2001) ....................................................................................9

*ComponentOne, L.L.C. v. ComponentArt, Inc.,*
    No. 02:05cv1122, 2007 WL 776930, (W.D. Pa. Mar. 12, 2007)...............................................5

*Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.,*
    983 F.2d 551 (3d Cir. 1993)................................................................................................ 5-6

*Mickleburgh Machinery Co., Inc. v. Pac. Econ. Dev. Co.,*
    738 F. Supp. 159 (E.D. Pa. 1990) ...........................................................................................6

*Nationwide Contractor Audit Serv., Inc. v. Nat'l Compliance Mgmt. Servs., Inc.,*
    622 F. Supp. 2d 276 (W.D. Pa. 2008).....................................................................................5

*New Trail Capital v. Northwest Company, Inc.,*
    No. 07-2073, 2007 WL 2892949 (E.D. Pa. Oct. 4, 2007) .............................................8, 9, 10

*Rivera v. Bally's Park Place, Inc.,*
    798 F. Supp. 2d 611 (E.D. Pa. 2011) .................................................................................4, 5, 6

*Rychel v. Yates,*
    No. 09–1514, 2011 WL 1363751, (W.D. Pa. Apr. 11, 2011)....................................................7

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.,*
    75 F.3d 147 (3d Cir. 1996)......................................................................................................6

*Wickers Sportswear, Inc. v. Gentry Mills, Inc.,*
    411 F. Supp. 2d 202 (E.D.N.Y. 2006) ....................................................................................11

FEDERAL STATUTES

28 U.S.C. § 1332................................................................................................................................3

## TABLE OF AUTHORITIES (CONTINUED)

Page(s)

28 U.S.C. § 1391 ............................................................................................7, 8

28 U.S.C. § 1404 ............................................................................................1, 9

28 U.S.C. § 1406 ..........................................................................................1, 8, 9

28 U.S.C. § 1441 ...............................................................................................3

28 U.S.C. § 1631 ............................................................................................1, 9

**STATE STATUTES**

N.Y. CPLR § 302(a)(1) ..................................................................................10, 11

**RULES**

Fed. R. Civ P. 12(b). .........................................................................................1

Defendant Government Services Corp ("Defendant") respectfully submits this memorandum of law, in support of its motion, pursuant to Fed. R. Civ. P. 12 (b)(2) and (3), 28 U.S.C. § 1404(a), 28 U.S.C. § 1406, and 28 U.S.C. § 1631, to dismiss the Complaint of Plaintiff Nittany Oil Company t/d/b/a Pickelner Fuel Company ("Plaintiff") for lack of personal jurisdiction, or, in the alternative, to transfer this proceeding to the United States District Court for the Eastern District of New York.

## I.   PRELIMINARY STATEMENT

Plaintiff's claims are based on an agreement between it and Defendant for the delivery of fuel products to John F. Kennedy International Airport in Jamaica, New York following the aftermath of Hurricane Sandy. Plaintiff claims that it is owed $173,776.61. However, this amount includes numerous inflated and excess charges which Defendant never authorized nor agreed to.

Setting aside the merits of the Plaintiff's allegations, the Complaint must be dismissed because the Court does not have personal jurisdiction over Defendant. Defendant is a citizen of Delaware, its state of incorporation, and Idaho, its principal place of business. Defendant does not conduct a "substantial portion" of its business within Pennsylvania. Indeed, even the contract at issue in this case was performed in New York, not Pennsylvania. At no time did Defendant enter Pennsylvania in connection with the contract at issue. Defendant also did not purposefully direct its activities to Pennsylvania. Accordingly, there is no general or specific personal jurisdiction over Defendant.

The Complaint must also be dismissed due to improper venue because Defendant is not subject to personal jurisdiction in this District and the events giving rise to the dispute occurred in New York.

Alternatively, if the Court does not dismiss Plaintiff's Complaint for lack of personal jurisdiction or improper venue, the Court should transfer the case to the district where the underlying events giving rise to the dispute occurred, namely, the United States District Court for the Eastern District of New York.

## II.   STATEMENT OF FACTS

### A.   AFTER HURRICANE SANDY, DEFENDANT ORDERS FUEL PRODUCTS FROM PLAINTIFF TO BE DELIVERED IN NEW YORK

After Hurricane Sandy hit the Northeast in early November 2012, the U.S. Government, through, among others, the Federal Emergency Management Agency, reached out to many entities for the provision of essential and emergency services. Defendant was one of the entities that agreed to get involved by providing gasoline and diesel fuel. At part of its agreement to provide these essential and emergency services, Defendant subcontracted with Plaintiff to purchase fuel products to be delivered to, among other places, John F. Kennedy International Airport ("JFK Airport") in Jamaica, New York. Declaration of Matt Ruck in Support of Motion to Dismiss for Lack of Personal Jurisdiction, or, In the Alternative, To Transfer Venue ("Ruck Decl."), ¶ 3.

On or about November 6, 2012, Plaintiff and Defendant reached an oral contract pursuant to which Plaintiff would deliver fuel to Defendant at a price of "rack" plus $0.20. In these circumstances, "rack" of fuel is defined in the geographic area of the provider by custom and usage as the wholesale price. The specific "rack" location was questioned and confirmed as Williamsport, Pennsylvania. Negotiations between the parties over pricing and the scheduling of the deliveries occurred by email and over the telephone. There were no face-to-face meetings between the parties. Ruck Decl., ¶ 4.

-2-

Pursuant to the agreement between Plaintiff and Defendant, on or about November 8 and November 14, 2012, Plaintiff delivered fuel products to JFK Airport using its owns trucks and personnel. Defendant did not take title to the fuel until it was delivered in New York. At no time did Defendant enter Pennsylvania in connection with the agreement. Ruck Decl., ¶ 5.

**B.   PLAINTIFF CHARGES DEFENDANT NUMEROUS INFLATED AND EXCESS FEES**

In December 2012, Plaintiff sent Defendant a number of invoices totaling $173,776.61. The invoices reflect that Plaintiff charged Defendant numerous inflated and excess fees that Defendant did not authorize nor agree to. For example, Plaintiff purports to charge Defendant an additional $100 per hour for freight charges. Plaintiff mentioned these excess charges for the first time *after* it had delivered the fuel. Defendant immediately indicated that it had not agreed to pay these excess charges. Ruck Decl., ¶ 6.

Further, after delivery, Plaintiff informed Defendant that it would seek to charge Defendant $100 per hour for labor, which charges Defendant never authorized nor agreed to. Plaintiff also purports to charge Defendant for fuel storage tanks despite the fact that Plaintiff had indicated that tanks are provided free of charge if it is providing the fuel. The parties never discussed nor agreed to any prices for the fuel storage tanks that were delivered. Ruck Decl., ¶ 6.

### III.   PROCEDURAL HISTORY

On February 1, 2013, Plaintiff filed its Complaint in the Court of Common Pleas of Lycoming County, Pennsylvania demanding judgment against Defendant in the amount of $173,776.61, plus finance charges, attorneys' fees, and costs.

On February 27, 2013, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, Defendant filed a Notice of Removal, removing the case to the Middle District of Pennsylvania. Removal is

appropriate because the case is between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

## IV.   QUESTIONS INVOLVED

1.      Whether Plaintiff's Complaint should be dismissed because the Court does not have general personal jurisdiction over Defendant?

2.      Whether Plaintiff's Complaint should be dismissed because the Court does not have specific personal jurisdiction over Defendant?

3.      Whether Plaintiff's Complaint should be dismissed because venue in any district court in Pennsylvania is improper?

4.      Whether if the Court does not dismiss Plaintiff's Complaint for lack of personal jurisdiction or improper venue, it should transfer the case to the United States District Court for the Eastern District of New York?

## V.   ARGUMENT

### A.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER DEFENDANT

#### 1.   The Court Does Not Have Personal Jurisdiction Over Defendant

Plaintiff bears the burden to make a *prima facie* showing that the Court has personal jurisdiction over Defendant. *Rivera v. Bally's Park Place, Inc.*, 798 F. Supp. 2d 611, 614 (E.D. Pa. 2011).  Plaintiff cannot meet this burden.

##### a)   There is No General Personal Jurisdiction

In order for the Court to exercise general personal jurisdiction over Defendant, Plaintiff must demonstrate that Defendant "maintained continuous and systematic contacts with and carried on a 'substantial portion' of its business within" Pennsylvania. *Rivera*, 798 F. Supp. 2d

-4-

at 616. "The threshold for establishing general jurisdiction is very high, and requires a showing of 'extensive and pervasive' facts demonstrating connections with the forum state." *ComponentOne, L.L.C. v. ComponentArt, Inc.,* No. 02:05cv1122, 2007 WL 776930, at *2 (W.D. Pa. Mar. 12, 2007) (*quoting Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas,* 675 F.2d 587, 589 (3d Cir. 1982)). *See also Rivera,* 798 F. Supp. 2d at 616 (plaintiff must show that defendant's contacts with Pennsylvania are so "'central to the conduct of its business' that jurisdiction may be fairly exercised even over claims not arising from those contacts.") (citing *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437-438 (3d Cir. 1987)).

Defendant is a citizen of Delaware, its state of incorporation, and Idaho, its principal place of business is in Idaho. Ruck Decl., ¶ 2. Defendant does not conduct a "substantial portion" of its business within Pennsylvania. *Id.* Indeed, even the contract at issue in this case was performed in New York, not Pennsylvania.

Federal courts in Pennsylvania also consider the following objective criteria in evaluating the existence of general jurisdiction over a foreign defendant: whether the defendant (a) pays taxes to or files any tax returns with the Commonwealth; (b) regularly purchases products or supplies within Pennsylvania; (c) advertises in Pennsylvania; (d) maintains telephone listings or a mailing address in Pennsylvania; (e) owns or leases land or property in Pennsylvania; or (f) maintains an agent in Pennsylvania. *Nationwide Contractor Audit Serv., Inc. v. Nat'l Compliance Mgmt. Servs., Inc.,* 622 F. Supp. 2d 276, 284-285 (W.D. Pa. 2008). None of these criteria apply to Defendant. Ruck Decl., ¶ 2.

Finally, the fact that Defendant purchased fuel products from Plaintiff on one occasion, is, standing alone, insufficient to establish general personal jurisdiction over Defendant. *Mellon*

*Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.*, 983 F.2d 551, 557 (3d Cir. 1993) (concluding that "[c]ontracting with a resident of the forum state does not alone justify the exercise of personal jurisdiction over a non-resident defendant."). *See also Mickleburgh Machinery Co., Inc. v. Pac. Econ. Dev. Co.,* 738 F. Supp. 159, 162 (E.D. Pa. 1990) ("It should be noted that the mere entrance of a non-resident defendant into a contract with a Pennsylvania corporation does not bring the defendant within the jurisdiction of Pennsylvania courts."); *Bolus v. Fleetwood Motor Homes of IN, Inc.*, No. 3:11-2027, 2012 WL 3579609, at *7 (M.D. Pa. Aug. 17, 2012) (holding that defendants' telephone calls and emails to and from plaintiffs in Pennsylvania were insufficient to establish "continuous and systematic" contact with Pennsylvania).

### b)      There is No Specific Personal Jurisdiction

In order for the Court to exercise specific personal jurisdiction over Defendant, (1) Defendant must have "'purposefully directed [its] activities' at Pennsylvania; (2) the litigation 'arise[s] out of or relate[s] to' at least one of the defendant's activities in Pennsylvania; and (3) the exercise of jurisdiction comports with traditional notices of 'fair play and substantial justice.'" *Rivera* at 616 (citation omitted).

To satisfy the first prong of the test, there must be a "'deliberate targeting of the forum'" by the non-resident defendant. *Bolus*, 2012 WL 3579609, at *8 (citation omitted). The Third Circuit has held that "'informational communications in furtherance of a contract between a resident and non-resident [do] not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over the non-resident defendant.'" *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 152 (3d Cir. 1996) (citation omitted). Thus, "'a few email and telephone communications by themselves are generally not enough to establish' specific

-6-

personal jurisdiction." *Bolus*, 2012 WL 3579609, at *9. *See also Rychel v. Yates,* No. 09–1514, 2011 WL 1363751, at *16 (W.D. Pa. Apr. 11, 2011) ("agreement-related telephone and email correspondence between Plaintiff and Defendant are insufficient to support an exercise of specific personal jurisdiction over Plaintiff's breach of contract claim…").

Here, the parties only engaged in telephone and email communications to discuss pricing and scheduling the deliveries. None of Defendant's representatives or employees travelled to Pennsylvania. Ruck Decl., ¶ 4. Nor was the contract performed in Pennsylvania. Informational communications between the parties in furtherance of the contract are insufficient to establish that Defendant "purposefully directed" its activities at Pennsylvania. As the first prong of the test is not satisfied, the Court does not need to evaluate the second two prongs, and there is no specific personal jurisdiction over Defendant.

Accordingly, since the Court lacks general and specific personal jurisdiction over Defendant, Plaintiff's Complaint must be dismissed.

**B.     VENUE IN ANY DISTRICT COURT IN PENNSYLVANIA IS IMPROPER**

Under 28 U.S.C. § 1391, venue in this Court is improper. Pursuant to § 1391(b), a "civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

-7-

Under 28 U.S.C. § 1391(d), a corporate defendant shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. As discussed above, Defendant is not subject to personal jurisdiction in this District. Further, the events giving rise to Plaintiff's claim occurred in the Eastern District of New York. Thus, just as the events and issues underlying the parties' dispute do not support personal jurisdiction over Defendant, they also do not support venue in this District. Accordingly, Plaintiff's Complaint should be dismissed. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") (emphasis added).

C.   **ALTERNATIVELY, THE COURT SHOULD TRANSFER THE CASE TO THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

This Court has the power to transfer the case even though it lacks personal jurisdiction over Defendant. *New Trail Capital v. Northwest Company, Inc.*, No. 07-2073, 2007 WL 2892949, at *4 (E.D. Pa. Oct. 4, 2007) ("'[A] district court may transfer a case pursuant to [28 U.S.C.] § 1404(a) without personal jurisdiction over the defendant.'") (citation omitted).

As discussed above, there is no personal jurisdiction over Defendant and venue in this District is improper. Under 28 U.S.C. § 1391(b), venue is most appropriate in the United States District Court for the District of Idaho, because Defendant's principal place of business is in Idaho. Ruck Decl., ¶ 2. Venue is also appropriate in the United States District Courts for the District of Delaware, Defendant's state of incorporation, and the Eastern District of New York, where the actions underlying Plaintiff's Complaint occurred. For the convenience of all parties,

-8-

Defendant requests that the case be transferred to the Eastern District of New York. Accordingly, in the event that the Court does not dismiss the Complaint in its entirety, the Court should transfer the case to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a), 28 U.S.C. § 1406, and 28 U.S.C. § 1631.

Pursuant to 28 U.S.C. § 1404(a), a district court "may transfer any civil action to any other district or division where it might have been brought" when doing so would be "in the interest of justice" and "[f]or the convenience of parties and witnesses." The private factors relevant to a motion to transfer are: "(1) plaintiff's choice of forum; (2) defendant's preferred forum; (3) where the claim arose; (4) the convenience of the witnesses to the extent they would be unavailable at trial in one of the fora; and (5) the availability of documents and other evidence." *New Trail Capital*, 2007 WL 2892949, at *4. The public factors relevant to the analysis are: "(1) the enforceability of the judgment; (2) practical considerations that make trial easier and less expensive; (3) the relative administrative difficulty related to court congestion; (4) the relative importance of the fora in deciding the controversy; and (5) the familiarity of the trial judge with the applicable state law in diversity cases." *Id.*

### 1.    The Private Factors Weight in Favor Of A Transfer to New York

Here, the deference to Plaintiff's choice of forum is greatly reduced because the operative facts giving rise to the dispute occurred in another district, namely, the Eastern District of New York. *Cameli v. WNEP-16 The News Station*, 134 F. Supp. 2d 403, 405 (E.D. Pa. 2001). Defendant prefers to litigate the case in New York, where the claim arose. Defendant's co-counsel is also based in New York. The remaining factors are neutral and only relevant to the extent that witnesses and books and records could not be produced in the alternative forum. *New*

-9-

*Trail Capital*, 2007 WL 2892949, at *5. Accordingly, on balance, the private factors weigh in favor of a transfer to New York. *See New Trail Capital*, 2007 WL 2892949, at *5 (concluding that "the private factors weigh in favor of a transfer, primarily because the operative facts giving rise to [the] litigation occurred in the Southern District of New York.").

### 2.      The Public Factors Weight in Favor Of A Transfer to New York

The enforceability of any judgment weighs in favor of transfer since there is no personal jurisdiction over Defendant in Pennsylvania. In addition, New York has an interest in deciding this controversy since the events giving rise to the dispute occurred in New York. Since this case is still in its infancy, practical considerations that make trial easier and less expensive are neutral. Further, there is no evidence that a transfer of the case at this stage to the Eastern District of New York would create administrative difficulties. Finally, the familiarity of the court with the applicable law is neutral as this is a straightforward contract dispute that does not involve any complicated issues of law.

### 3.      The Eastern District Of New York Has Specific Personal Jurisdiction Over Plaintiff

Under New York's Civil Practice Law and Rules ("CPLR"), a court may exercise specific personal jurisdiction over a non-domiciliary who "transacts any business within the state or *contracts anywhere to supply goods or services in the state*." N.Y. CPLR § 302(a)(1) (emphasis added). This provision of the CPLR "'captures cases where there are minimal contacts in New York, and for example, a contract is made elsewhere for goods to be delivered or services to be performed in New York.'" *Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.*, No. 06 Civ. 6510, 2010 WL 2813617, at *4 (S.D.N.Y. July 16, 2010) (citing *Bank Brussels Lambert v. Fiddler Gonzalez Rodriguez*, 171 F.3d 779, 789 (2d Cir.

1999)).  "'Thus, even if a [non-domiciliary] never enters the state to negotiate one of these contracts, to complete performance or for any other reason, the second prong of § 302(a)(1) can provide long-arm jurisdiction over a [non-domiciliary] who has minimal contacts with the state and who has entered a contract anywhere to supply goods or services in the state.'"  *Altvater Gessler*, 2010 WL 2813617, at *4 (citing *Bank Brussels*, 171 F.3d at 789).

Section 302(a)(1) is a "'single act statute'" and "'proof of one transaction in New York is sufficient to invoke jurisdiction, even [if] the [non-domiciliary] never enters the state, so long as the [non-domiciliary's] activities were purposeful and there is a substantial relationship between the transaction and the claim asserted.'"  *Wickers Sportswear, Inc. v. Gentry Mills, Inc.*, 411 F. Supp. 2d 202, 207 (E.D.N.Y. 2006) (citation omitted).  In applying Section 302(a)(1), court may consider the following factors: (1) whether the purchase orders provide for shipment to New York; (2) whether the non-domiciliary collected New York sales tax in connection with the transaction; (3) whether the contract was solicited in New York; (4) whether the non-domiciliary entered New York for purposes of performing the contract; and (5) any other factor showing that the non-domiciliary voluntarily and purposefully availed itself of the privilege of transacting business in New York.  *Id.* at 210.

Here, it is undisputed that the purchase orders provided for shipment of Plaintiff's fuel products to New York.  It is also undisputed that Plaintiff's representatives entered New York to perform the contract.  Thus, Plaintiff's activities in New York was purposeful and there is a substantial relationship between those activities and Plaintiff's claim.  Accordingly, pursuant to CPLR § 302(a)(1), the New York court has personal jurisdiction over Plaintiff.

-11-

## VI.    CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint in its entirety.

Alternatively, if the court does not dismiss the Complaint in its entirety, the Court should transfer

the case to the Eastern District of New York.


Dated: Stroudsberg, Pennsylvania                 Respectfully submitted,
      March 20, 2013

                                                        s/ George W. Westervelt, Jr.
                                                         GEORGE W. WESTERVELT, JR., ESQ.
     Attorney I.D. No. 18195
     706 Monroe Street, P.O. Box 549
     Stroudsburg, PA  18360-0549
     570.421.6100
     Attorney for Government Services Corp.


     OF COUNSEL
     MCKENNA LONG & ALDRIDGE LLP
     Charles E. Dorkey III, Esq.
     Rebecca Tingey, Esq.
     230 Park Avenue
     Suite 1700
     New York, NY 10169
     212.905.8300